## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| CHARLINDA WILLIAMS, on behalf of herself and all others similarly situated, | **COMPLAINT – CLASS ACTION** |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| -vs.- | |
| FEDERAL EXPRESS CORPORATION, | **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |
| *Defendant* | **1:24-cv-_____** |

Plaintiff Charlinda Williams, on behalf of herself and other similarly situated individuals, by and through her attorneys, allege as follows:

## **INTRODUCTION**

1.      This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of all current and former non-pilot "permanent" employees[1] of Federal Express Corporation d/b/a/ FedEx Express ("FedEx") who have taken short-term military leave from FedEx since January 1, 2023 and did not receive compensation and/or

---

[1] The term "permanent" in the Complaint has the meaning used in the FedEx People Manual.

paid leave from FedEx during such short-term military leave or who are currently in the military.

2.      USERRA § 4316(b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

3.      FedEx has violated USERRA § 4316(b) by paying compensation to FedEx non-pilot permanent employees[2] who take leave for non-military reasons, such as jury duty, Medical Absence Pay ("sick leave"), or bereavement leave, but not providing any compensation to FedEx's permanent servicemember employees who take short-term military leave.

4.      Due to FedEx's violations, Plaintiff and other servicemembers employed by FedEx have received or will receive less compensation than they

---

[2] Unless otherwise specified in this Complaint, all references to FedEx employees exclude pilots.

would have received had FedEx provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

5.      This action seeks: (a) a declaration that FedEx violated USERRA by failing to provide Class Members with pay during their short-term military leave on an equivalent basis to other comparable forms of leave; (b) an order requiring FedEx to pay servicemembers on short-term military leave on an equivalent basis to other comparable forms of leave; and (c) an order requiring FedEx to recalculate and pay compensation to Plaintiff and other members of the Class consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which provides that the district courts of the United States have jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under a federal law.

7.      This Court has personal jurisdiction over Defendant FedEx. There is general jurisdiction over Defendant FedEx, because at least since January 1, 2023, FedEx has registered with the Georgia Secretary of State to conduct business in Georgia, maintains locations in, and conducts business in State of Georgia. The

Georgia Supreme Court has held that there is general personal jurisdiction over any out-of-state corporation that is "authorized to do or transact business in this state at the time a claim or cause of action arises." In other words, when an out of state corporation like FedEx registers with the Georgia Secretary of State to conduct business in Georgia, the out-of-state corporation consents to general jurisdiction and can be sued in Georgia for any claim including claims unrelated to its activities in Georgia.

8.      Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant FedEx is a private employer that maintains multiple places of business throughout this District. FedEx employs at least hundreds of employees in Georgia, including in Atlanta and Marrietta. FedEx serves customers in every zip code in Georgia. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

**Plaintiff**

9.      Plaintiff Charlinda Williams is and has been employed as a Courier by FedEx since December 2019. Plaintiff Williams is also a Sergeant of the Air National Guard in Charlotte, North Carolina, where she has served since 2006. Since at least January 1, 2023, Plaintiff Williams has taken short-term leave to

engage in qualified military service to perform her military obligations. Since at least January 1, 2023, she has taken military leave from her employment with FedEx for periods of two weeks per year to satisfy her annual training obligations and for shorter periods to satisfy her monthly drill duties and training management responsibilities. Plaintiff Williams resides in and works for FedEx in Marrietta, Georgia.

**Defendant**

10.    Defendant Federal Express Corporation, d/b/a FedEx Express, is the world's largest express transportation company, providing delivery to more than 220 countries and territories and employing approximately 289,000 employees. Defendant Federal Express Corporation is an employer within the meaning of 38 U.S.C. § 4303(4)(A). Defendant is a Delaware corporation, but has registered with the Georgia Secretary of State to conduct business in Georgia since at least January 1, 2023. Defendant provides package delivery services throughout the world. At all times during Plaintiff's employment with FedEx, FedEx employed Plaintiff and controlled her work opportunities, including the rights and benefits she received during periods of short-term military leave.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

(a)  **The Pay Class**

Current and former permanent non-pilot employees of Federal Express Corporation ("FedEx") who took short-term military leave (periods of 14 days or fewer) from their employment with FedEx at any time from January 1, 2023 through the date of judgment in this action and during that short-term military leave were not paid the compensation they would have earned had they worked for FedEx instead of taking military leave.

(b) **The Injunctive Relief Class:**

Current permanent non-pilot employees of Federal Express Corporation ("FedEx") who are also in the military at the same time they were employed by Fedex.

Excluded from the Classes are all former or current salaried employees of FedEx who have only worked at FedEx after October 31, 2020.

## Ascertainability

12.     The members of the Pay Class are ascertainable from the records maintained by Defendants and from other objective criteria. The binding law of this Circuit does not require that members of a Class certified under Rule 23(b)(2) be ascertainable; however, the members of the Injunctive Relief Class are ascertainable either from the records of FedEx or by cross-refencing FedEx's records with those at the Department of Defense.

## Impracticality of Joinder

13.     The members of the Class are so numerous that joinder of all members is impracticable. Since January 1, 2023, FedEx has employed at least several thousand non-pilot employees who took short-term military leave from

FedEx. Accordingly, there are thousands of members of the Class. FedEx specifically recruits veterans for employment. The members of the Class are geographically dispersed across the country. FedEx currently has 12 airport-based "hubs" and hundreds of ground shipping facilities scattered throughout the United States.

**Commonality**

14.     The central question in this case that will generate a common answer as to the Class is whether FedEx's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates USERRA § 4316(b), because FedEx pays employees who take other forms of comparable leave.

15.     Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which FedEx fully or partially pays its employees; and (b) whether FedEx's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

16.     Because FedEx has adopted and applied a uniform policy or practice of not providing pay to its servicemember employees during periods of short-term military leave on similar terms other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

17.     As FedEx acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions. As this action challenges an on-going practice by FedEx, the primary relief sought is declaratory and injunctive relief. To the extent that FedEx's policies or practices are found to violate USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**Typicality**

18.     Plaintiff's claims are typical of the other members of the Class because the claims challenge a uniform policy or practice by which FedEx failed to pay its servicemember employees during periods of short-term military leave on an equivalent basis as employees who took other comparable forms of leave.

19.     FedEx has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**Adequacy**

20.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

21.     Plaintiff does not have any conflict with any other member of the Class.

22.     Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation under USERRA. Counsel in this case have previously been appointed as Class Counsel in a number of cases alleging claims under USERRA, including claims under USERRA § 4316(b).

**Rule 23(b)(2)**

23.     The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Defendant has acted and/or failed to act on grounds generally applicable to the Classes, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

24.     Since at least 2023, FedEx has maintained a uniform policy or practice as to all members of the Classes by which FedEx does not provide paid leave to its employees who take short-term military leave on an equivalent basis as that is provided to other comparable forms of leave. As such, FedEx has acted or refused to act on grounds that apply generally to the Class.

25.     The relief sought for the Injunctive Relief Class consists primarily of (a) a declaration establishing that FedEx is violating USERRA by failing to pay its employees during periods of short-term military leave on an equivalent basis to other forms of non-military leave and (b) an injunction requiring FedEx provide paid leave consistent with the form of non-military leave that would provide the

servicemembers with "the most favorable treatment" when he or she performs service in the uniformed services.

26.     The relief sought for the Pay Class consists primarily of (a) a declaration establishing that FedEx has violated USERRA by failing to pay its employees during periods of short-term military leave on an equivalent basis to other forms of non-military leave and (b) an order requiring FedEx to recalculate and pay compensation to Class Members consistent with the requirements of USERRA § 4316(b) – i.e. consistent with the form of non-military leave that would provide the servicemembers with "the most favorable treatment" (i.e. the most compensation) when the servicemember took leave to perform service in the uniformed services.

27.     The monetary relief sought either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective, and mechanical manner. Specifically, the amount owed to the Class can be calculated by comparing the regular compensation paid by Defendant to the Class with the amount of compensation actually received by the Class during periods of short-term military leave.

**Rule 23(b)(3)**

28.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Classes predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

29.     The common questions of law and fact concern whether FedEx's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by FedEx's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

30.     A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Class certification is a superior method of adjudicating these issues, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and the remedy that should be provided under USERRA.

31.     The following factors set forth in Rule 23(b)(3) also support certification:

(a)     The members of the Class(es) have an interest in a unitary adjudication of the issues presented in this action. As this action primarily seeks declaratory and injunctive relief, some Class members have no damages. Additionally, many Class members have an insufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action. But all members of the Class would benefit from a class action that obtains relief for all members of the Class.

(b)     No other litigation concerning this controversy which is still pending has been filed by any other members of the Class. A prior lawsuit, entitled *Beanland v. Federal Express Corporation*, No. 22-672-MAK (D. Del.) was settled regarding leaves prior to January 1, 2023.

(c)     This is an appropriate forum for these claims because, among other reasons (a) jurisdiction and venue are proper, (b) FedEx has consented to being sued in this District, (c) FedEx maintains a significant present in this District, including at the

Atlanta airport, and (d) as a result of FedEx's significant

operations in this District, a significant number of Class

Members ae believed to be in this District.

(d)     There are no difficulties in managing this case as a class action.

## FACTUAL ALLEGATIONS

### FedEx Express's Policy and Practices Regarding Leave

32.     FedEx's leave policies that apply to the Classes are set forth in the

FedEx Express (USA) Personnel Policy and Procedure Manual—referred to as

"The People Manual." These policies apply to all United States employees of

FedEx except those covered by a collective bargaining agreement (i.e. the Manual

covers all non-union employees). The only employees at FedEx subject to a

collective bargaining agreement are pilots (who are not included in the Class). The

relevant leave policies have been materially unchanged since at least January 1,

2023.

### FedEx Does Not Provide Paid Short-Term Miliary Leave to Class Members

33.     Since at least January 1, 2023, FedEx has distinguished between

short-term military leave (14 days or fewer in duration) and long-term military

leave (15 days or more in duration). FedEx places employees who take long-term

military leave (*i.e.,* leaves of 15 days or more) on "inactive" status.

34.     Since at least January 1, 2023, when a servicemember employee of

FedEx has taken military leave that lasts 14 days or fewer (i.e. short-term military leave), FedEx has not provided pay to the employee during such short-term military leave.

**FedEx Policy Provides Paid Leave to Various Non-Military Leaves**

35.     When an employee of FedEx is absent from employment at FedEx for any one of a number of non-military reasons, FedEx provides a variety of paid leave (i.e. wages and/or salary) during the leave of absence.

***Jury Duty Leave***

36.     For all permanent FedEx employees, Policy 3-60 of the People Manual governs jury duty leave. Under that policy, permanent full-time employees receive compensation "[u]p to a maximum of 10 hours per day of the regular base pay, depending on the hours scheduled," minus jury duty pay and up to a maximum of 40 hours per week. Permanent part-time employees receive their "regular base pay for the hours scheduled," minus jury duty pay and up to a maximum of 20 hours per week. These policies have been in place and essentially unchanged since at least 1994.

37.     In other words, when a FedEx employee is absent from work because he or she is required to perform jury service, FedEx pays the employee the difference between his or her compensation from FedEx and any stipend or compensation that employees receive for their jury duty service ("differential

pay"). As a result, FedEx employees performing jury duty received the equivalent of their full compensation, the amount that employees received from their jury duty service and the amount paid by FedEx.

### Bereavement Leave

38.     For all permanent FedEx non-union employees, Policy 3-46 of the People Manual governs bereavement pay. Under that policy, permanent FedEx employees receive up to three days of "paid funeral time off to arrange and attend a funeral, memorial, or other observation due to the death of a family member…." Full time employees receive their full scheduled pay up to a maximum of eight hours per day; part-time employees receive their full scheduled pay up to a maximum of four hours per day. These policies have been in place and essentially unchanged since at least 2004.

### Sick Leave

39.     For permanent FedEx non-union employees, pay during absences resulting from illness or injury are governed by People Manual Policies Nos. 1-4, 1-5, and 1-7. Employees under these policies receive full pay for medical absences up to per-event and/or annual caps based on the employee's length of continuous FedEx service and part-time/full-time status.

40.     Since at least 2004, the purpose of these policies has been to provide support for "health and safety for employees" and "customers," by providing them

with pay for a "limited amount of time in hopes that they get well and come back"—with differences between the amounts of leave provided to different employees (i.e. part-time vs. full-time) intended merely to track their "basic regular work hours for the week."

### *Vacation.*

41.    For permanent FedEx non-union employees, vacations are governed by People Manual Policies 1-14 (hourly staff), 1-15 (non-exempt employees), and 1-16 (exempt employees). Under each of these policies, employees accrue paid vacation hours monthly according to their years of continuous service and full-time/part-time status. Depending on an employee's status and years of service, FedEx employees can accrue between 120 and 200 hours of vacation per year. Additionally, FedEx employees can rollover at least 40 hours of vacation from one year to another year.

### *Parental leave.*

42.    For all permanent FedEx non-union employees, FedEx's People Manual (USA) Policy 1-17 governs paid parental time. Under that policy, since January 1, 2019, FedEx provides two 40-hour weeks of paid leave to full-time employees and two 20-hour weeks of paid leave to part-time employees upon the birth or adoption of a child.

**USERRA Requires FedEx to Provide the Same Rights and Benefits to Employees Who Take Short-Term Military Leave as Those Provided to**

**Employees Who Take Comparable Leaves**

43.     USERRA § 4316(b)(1) provides, in relevant part, that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A)     deemed to be on furlough or leave of absence while performing such service; and

(B)     entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

44.     Pursuant to USERRA § 4316(b)(1), if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including paid leave, the employer must provide those same "rights and benefits" to employees during their periods of military leave. 20 C.F.R. § 1002.150(a).

45.     The Department of Labor's implementing regulations advise that the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be

considered."

46.     The Eleventh Circuit has held that where the three enumerated factors set forth in the DOL Regulation all weigh in favor of the servicemember, unenumerated factors cannot change the comparability analysis.

**FedEx Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves**

47.     Since at least January 1, 2023, FedEx has maintained a policy or practice of failing to pay servicemember employees when they take short-term military leave, while providing employees who take comparable forms of non-military leave—such as jury duty, bereavement, sick leave, vacation and parental leave—with paid leave.

48.     Since at least January 1, 2023, FedEx provided full pay to employees who take bereavement leave, sick leave, vacation and parental leave and provided differential pay to employees who took jury duty leave.

**The Non-Miliary Leaves Are Comparable to Short-Term Military Leave**

49.     The various non-military leaves offered by FedEx, including jury duty leave, bereavement leave, sick leave, vacation, parental leaves, are comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

***The Duration of Non-Military Leaves Are Comparable to Short-Term Military Leave***

50.     Duration is the "most significant factor" in the comparability analysis. The Eleventh Circuit has held that "the upper strata" of the specific comparable leave that an employer is willing to provide is the relevant comparison for duration.

51.     Pursuant to FedEx's current policy, short-term military leave are leaves that are 14 days or fewer in length. Plaintiff does not have access to data about the duration of military leave taken by employees at FedEx. Based on publicly-available information from *Clarkson v. Alaska*, employees in that case took an took an average of 3.10 days of short-term military leave. Plaintiff expects the average, mode and median days of short-term military leave to be similar to that taken by the employees in *Alaska*.

52.     Under FedEx's policy, there is no upper limit on the amount of paid jury duty that employees similar to members of the Class can receive. Upon information and belief, FedEx has provided employees with paid jury duty leave of at least 14 days.

53.     Under FedEx's policy, employees similar to members of the Class are entitled to three days of paid bereavement leave when certain family members die.

54.     Under FedEx's policy, employees similar to members of the Class can accrue up to one week worth of paid sick leave per year. Upon information and belief, FedEx has provided employees with paid sick leave of at least 7 days and

has also allowed employees of at least 14 paid sick days.

55.     Under FedEx's policy, employees can accrue up to one week worth of paid sick leave per year. Upon information and belief, FedEx has provided employees with paid sick leave of at least 7 days and has also allowed employees of at least 14 paid sick days.

56.     Under FedEx's policy, employees similar to the members of the Class can accrue between 120 to 200 hours of paid vacation leave per year. Pursuant to FedEx policy, "employees are encouraged, but not required to schedule vacations in at least one week increments," but can also schedule vacations in lengthier or shorter increments.

57.     Under FedEx policy, employees similar to the members of the Class can take two 40-hour weeks of paid leave to full-time employees and two 20-hour weeks of paid leave to part-time employees upon the birth or adoption of a child.

### *The Purposes of Non-Military Leaves Are Comparable to Short-Term Military Leave*

58.     Jury duty leave, sick leave, bereavement leave, vacation and parental leave are also comparable to short-term military leave in their purpose. Each of these leaves are often precipitated by an event that prevent an employee from performing their ordinary job duties or would hinder an employee from performing their job duties at an optimum level. Each of these leaves are intended to shield employees from unnecessary hardship.

59.    Military leave allows an employee to leave employment for the purpose of performing a civic or public duty with the knowledge that the employee will be able to return to his civilian employment after the civic/public service is complete.

60.    Jury duty allows an employee to leave employment for the purpose of performing a civic or public duty with the knowledge that the employee will be able to return to civilian employment after the civic/public service is complete.

61.    Bereavement leave and parental leave allow an employee to leave employment to perform a familial duty with the knowledge that the employee will be able to return to employment after that familial duty is complete.

62.    In the transportation industry where safety is a paramount concern, bereavement leave, sick leave, parental leave and vacation leave also all serve a public service function.

63.    Providing jury duty, sick leave, parental leave, and military leave allows FedEx to comply with various laws that require such leave.

### *The Non-Military Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave*

64.    Jury duty leave, sick leave, and bereavement leave are comparable to short-term military leave, in terms of the ability of the employee to choose when to take the leave.

65.    Short-term military leave occurs due to a servicemember's obligation

to perform military service in the Armed Forces based on a schedule set by and/or orders issued by the military. As the Eleventh Circuit observed, "[m]ilitary employees do not control when they will be summoned for active-duty service." Some military service is known well in advance and some military duties are scheduled on short notice.

66.    Jury duty occurs because an employee is commanded to appear to serve on a petite or grand jury duty. Persons commanded to appear to serve on a jury have some ability to either reschedule jury duty or be excused from jury service altogether.

67.    Bereavement leave is taken due to a death of a family member. At FedEx, that leave can be used to attend a funeral for which there is no advance planning or for a planned memorial service.

68.    Sick leave is often taken due to a short-term, involuntary medical condition that prevents an employee from working. At FedEx, sick leave can also be used to schedule certain planned medical procedures.

69.    Vacation leave at FedEx is sometimes planned in advance as is some military leave, but vacation leave can also be used on shorter notice (e.g. to cover illness where an employee has insufficient paid sick leave).

70.    Parental leave is used either for the birth or adoption of a child. Those events can be planned (e.g. an adoption or a scheduled birth) or sometimes can be

unplanned both as to event precipitating the need (e.g. an unplanned pregnancy) or when the leave begins.

**Plaintiff's USERRA-Protected Military Leave**

71.     Plaintiff Williams has performed military service in the Air National Guard located in Charlotte, North Carolina from 2006 to the present. Since she began working for FedEx in 2019, she has satisfied her military service requirements either by participating in monthly drills or by attending annual two-week training once a year. For each of the annual, two-week drills that Plaintiff Williams has participated in since 2019, she took leave from her position at FedEx, and for a number of the shorter monthly drills, Plaintiff Williams took leave from FedEx. For example, in 2023 Plaintiff Williams took unpaid, short-term military leave from FedEx on the following dates: January 5-6, August 4, and September 6-8.

**FedEx's Failure to Comply with USERRA § 4316(b) Has Been Willful**

72.     In 2020 (after a number of lawsuits were filed alleging that other companies were required to provide paid short-term military leave), FedEx modified its military leave policy to provide that salaried, exempt employees taking military leave would receive full pay during workweeks in which they performed any work for FedEx.

73.     Despite modifying its policy to provide full pay to salaried, exempt

employees who took military leave, FedEx did not modify the policy to provide any paid leave to its other employees who took military leave at any time on or after 2020.

74.     FedEx was aware that compensation during leave is a "right or benefit" provided by § 4316(b)(1)(B) when the Third Circuit decided that issue in *Travers v. Fed. Express Corp.*, 8 F.4th 198, 204 (3d Cir. 2021).

75.     After the decision in *Travers v. FedEx*, FedEx did not modify its paid leave policies with respect to short-term military leave, including for such leaves taken after January 1, 2023.

76.     By June 8, 2023, both the Ninth Circuit and the Eleventh Circuit had issued decisions that short-term military leave either were or could be comparable under USERRA § 4316(b) to one or more of the following: jury duty leave, bereavement leave, sick leave and vacation leave. FedEx was made aware of both of these decisions.

77.     After these decisions in *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424 (9th Cir. 2023) and *Myrick v. City of Hoover, Alabama*, 69 F.4th 1309 (11th Cir. 2023), FedEx did not modify its policy with respect to paid leave for short-term military leaves, including for such leaves taken after January 1, 2023.

**COUNT I**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of the Class)**

78.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

80.     Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave and employees who take other comparable forms of non-military leave, pursuant to USERRA § 4316(b), 38 U.S.C. § 4316(b).

81.     The Department of Labor's regulation that implements and interprets USERRA § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any

25

comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b).

82.     The types of leave for which FedEx has provided employees paid leave, pay, wages, and/or salaries are comparable to short-term military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

83.     By adopting and applying a policy or practice of not paying servicemember employees who take short-term military leave, FedEx has denied and will in the future deny Plaintiff and the Class the same "rights and benefits" that FedEx provided to employees who take other comparable forms of non-military leave. Thus, FedEx failed to provide employees on short-term military leave the most favorable treatment that FedEx afforded employees on other comparable forms of non-military leave. By doing so, FedEx violated and continues to violate USERRA § 4316(b)(1).

84.     Due to FedEx's failure to comply with USERRA § 4316(b)(1), Plaintiff and the Class have received and will continue to receive fewer rights and benefits, including paid leave, than they would have received if FedEx complied with USERRA and the Department of Labor's regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant FedEx on all claims and respectfully requests that this Court award the following relief:

A.      Declare that Defendant's policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under USERRA § 4316(b);

B.      Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.      Declare that Defendant must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for jury duty, bereavement leave, sick leave, vacation leave, parental leave or other comparable forms of short-term, non-military leave that is determined to provide the most favorable treatment;

D.      Require Defendant to provide paid leave to FedEx employees when they take short-term military leave on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or any other comparable forms of short-term, non-military leave that is determined to provide the most favorable treatment.

E.     Require Defendant to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

F.     Order Defendant to pay the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

G.     Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H.     Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I.     Grant such other and further relief as the Court deems proper, just, and/or equitable.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: March 11, 2024      Respectfully submitted,

/s/ Stephen J. Anderson
Stephen J. Anderson (GA Bar #018325)
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Building 11
Duluth, GA 30096
Tel: (770) 820-0823
Fax: (770) 820-0723
sanderson@attorneykennugent.com

R. Joseph Barton (to be admitted *pro hac vice*)
Colin M. Downes (to be admitted *pro hac vice*)
BARTON & DOWNES LLP
1633 Connecticut Ave., NW, Ste. 200
Washington D.C. 20009
Tel: (202) 734-7046
jbarton@bartondownes.com
colin@bartondownes.com

Matthew Z. Crotty (to be admitted *pro hac vice*)
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave.
Suite 208
Spokane, WA 99201
Tel: (509) 850-7011
mzc@rnwlg.com

Thomas G. Jarrard (to be admitted *pro hac vice*)
LAW OFFICE OF
THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Tjarrard@att.net

*Attorneys for Plaintiff*