**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CHARLINDA WILLIAMS, et al.,

Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,

Defendant.

CIVIL ACTION NO.
1:24-CV-01056-JPB

**CORRECTED ORDER**

On August 12, 2026, the Court entered an order preliminarily approving the settlement in this matter and preliminarily certifying a settlement class. That order contained two clerical errors, which are corrected in this order. The order is otherwise unchanged, and all deadlines based on entry of the preliminary approval order shall continue to run from August 12, 2026, when the original order was entered.

This matter is before the Court on Plaintiffs' Unopposed Motion for Class Certification [Doc. 49] and Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. 50]. Based upon the Court's review of the motions and the memoranda and exhibits submitted with them, the Court preliminarily certifies the Class for settlement purposes, grants preliminary approval of the Settlement

and finds as follows:

**Class Certification**

1. The claim in this case is certified pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of the following Classes:

    (a) *The Pay Class*: all current and former permanent non-pilot employees of FedEx who took short-term military leave (periods of 14 days or fewer) from their employment with FedEx at anytime from January 1, 2023 through December 31, 2024, and during that short-term military leave were not paid the compensation they would have earned had they worked for FedEx instead of taking military leave.

    (b) *The Injunctive Relief Class*: All permanent non-pilot employees of FedEx in the military at the same time they were employed by FedEx, at any time from January 1, 2025 until May 31, 2026.

    Excluded from the Classes are all former or current salaried employees of FedEx who have only worked at FedEx after October 31, 2020.

**Standing**

2. Plaintiffs have Article III standing because they each took unpaid short term military leave from their employment with FedEx.

**Class Definition & Ascertainability**

3. Under Eleventh Circuit caselaw, a class certified under Rule 23(b)(3), but not Rule 23(b)(2),[1] must be "adequately defined and clearly ascertainable."

---

[1] Jones v. Desantis, No. 4:19CV300, 2020 WL 5646124, at *6 (N.D. Fla. Apr. 7, 2020) (finding that the "controlling case is Carpenter v. Davis, 424 F.2d 257, 260 (5th Cir. 1970)" and that "ascertainability is not a requirement for certification of a (b)(2) class."); see Davis v. United Bank Corp. Ret. Plan Comm., No. 5:24-CV-

Carriuolo v. Gen. Motors Co., 823 F.3d 977, 984 (11th Cir. 2016) (citation modified). Members of these Classes can be ascertained by the following objective criteria: (1) employment as a FedEx employee, (2) status as a servicemember and (3) whether they have taken short-term military leave of fewer than 14 days.

**Rule 23(a) Factors**

***Impracticability of Joinder***

4. Joinder of all class members would be impracticable based on numbers alone where the class exceeds forty persons. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). Based on the class data produced by FedEx, there are 1,131 non-pilot employees who took short-term military leave from FedEx and who are members of the Pay Class. Based on that data, Plaintiffs reasonably estimate that there are over one thousand members of the Injunctive Relief Class. The members of the Classes are also geographically dispersed across the country. Thus, Rule 23(a)(1) is readily met.

***Commonality***

5. The existence of "a general policy" or a "uniform employment practice" satisfies Rule 23(a)(2). Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 355

---

328, 2025 WL 3142143, at *1 (M.D. Ga. Nov. 7, 2025).

(2011). Courts addressing similar claims have held that there are common questions "whether Defendant provides other short-term paid leave comparable to short term military leave." Beanland v. Fed. Express Corp., No. 22-672-MAK, 2023 U.S. Dist. LEXIS 247033, *6–7 (D. Del. Mar. 30, 2023) (certifying class of employees for USERRA § 4316(b) claim). As in Beanland, the Complaint challenges a uniform policy and practice by FedEx not to provide paid short-term military leave and the central questions in this case will generate common answers.

***Typicality***

6. Typicality is met where claims "arise from the same event or pattern or practice and are based on the same legal theory." Ault v. Walt Disney World Co., 692 F.3d 1212, 1216 (11th Cir. 2012). Here, Plaintiffs' claims are typical of the other members of the Classes because the claims challenge FedEx's uniform policy or practice regarding paid short-term military leave and Defendants do not appear to have any unique defenses to Plaintiffs.

***Adequacy of Representation***

7. Under Rule 23(a)(4), courts consider: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." Meza v. Marstiller, No. 3:22-CV-783, 2023 WL 2648180, at *11 (M.D. Fla. Mar. 27, 2023).

8. A disqualifying conflict requires some class members to "have been harmed by the same conduct that benefited other members of the class." In re Blue Cross Blue Shield Antitrust Litig., 85 F.4th 1070, 1091 (11th Cir. 2023). Here, no Class member has benefitted by not being paid by FedEx for short-term military leave, and none would be harmed by being paid. There are no fundamental conflicts.

9. Charlinda Williams is appointed as the Class Representative of the Pay Class and Richard Quichocho is appointed as the Class Representative of the Pay Class and the Injunctive Relief Class.

10. Counsel are adequate if they are "qualified, experienced, and generally able to conduct the proposed litigation." Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985). Here, Plaintiffs' counsel have significant experience in USERRA litigation and complex class actions. Thus, the Class Counsel is more than adequate.

11. Pursuant to Rule 23(g), R. Joseph Barton, Matthew Z. Crotty and Thomas G. Jarrard are appointed Co-Lead Class Counsel, and Stephen J. Anderson is appointed Local Class Counsel.

**Rule 23(b)(2)**

12. Certification under Rule 23(b)(2) is appropriate where (1) "the party opposing the class has acted or refused to act on grounds that apply

generally to the class, [(2)] so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was designed for civil-rights litigation and USERRA "is very similar to Title VII" because it "prohibits employment discrimination." Staub v. Proctor Hosp., 562 U.S. 411, 417 (2011).

13. Rule 23(b)(2) "requires common behavior by the defendant towards the class." Doe v. MG Freesites, Ltd., 707 F. Supp. 3d 1157, 1186 (N.D. Ala. 2023). FedEx has acted on the same grounds that apply generally to the Class members by maintaining a policy that does not provide paid short term military leave while providing paid leave for allegedly comparable leaves.

14. Rule 23(b)(2) applies to claims that seek "injunctive or declaratory relief" for the class. Dukes, 564 U.S. at 360–61. USERRA expressly authorizes the court to "require the employer to comply with the provisions of [USERRA]." 38 U.S.C. § 4323(d)(1)(A).

15. The Complaint alleges the existence of a uniform policy or practice by which FedEx did not pay servicemember employees during periods of short-term military leave on an equivalent basis as employees who took allegedly-comparable forms of leave. [Doc. 48, p. 10].

16. For the Injunctive Relief Class, the Complaint seeks a declaration whether FedEx's practice complies with USERRA § 4316(b) and a corresponding

injunction requiring FedEx provide paid leave consistent with the form of non military leave that would provide servicemembers with "the most favorable treatment" when he or she performs service in the uniformed services. [Doc. 48, p. 10].

17. For the Pay Class, the Complaint seeks (a) a declaration whether FedEx's practice complies with USERRA § 4316(b) and (b) an order requiring FedEx to recalculate and pay compensation to Class Members consistent with the form of non-military leave that would provide the servicemembers with "the most favorable treatment" when the servicemember took leave to perform military service. [Doc. 48, p. 10]. There are no individualized issues calculating monetary relief as Class Counsel has already performed those calculations based on FedEx's data.

18. As the Complaint seeks declaratory and injunctive relief respecting the Injunctive Relief Class and the Pay Class as a whole, and any monetary relief for the Pay Class flows directly from the declaratory relief certification under Rule 23(b)(2) is appropriate.

**Rule 23(b)(3)**

19. As the Court has found the requirements of Rule 23(b)(2) are met, the Court need not address the requirements of Rule 23(b)(3), but it simply finds that the requirements of Rule 23(b)(3) are also met and notes that the Eleventh

Circuit has endorsed hybrid classes in employment actions (a damages class and injunction class). Williams v. Mohawk Indus., 568 F.3d 1350, 1360 (11th Cir. 2009).

20. The predominance requirement is met here because "the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation defeating, individual issues." Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016). Here, the Complaint alleges the existence of a uniform policy or practice by which FedEx failed to pay its servicemember employees during periods of short-term military leave on an equivalent basis as employees who took allegedly-comparable forms of leave. [Doc. 48, p. 10]. The common issues predominate because they will be resolved based on common proof. Huntsman v. Sw. Airlines Co., No. 19-CV-00083, 2021 WL 391300, at *14 (N.D. Cal. Feb. 3, 2021) (certifying claims under 23(b)(3)); Clarkson v. Alaska Airlines Inc., No. 2:19-CV-0005, 2020 WL 4495278, at *6 (E.D. Wash. Aug. 4, 2020); see Baker v. UPS, No. 2:21-CV-0114, 2023 WL 4355333, at *5 (E.D. Wash. July 5, 2023). Thus, common questions on liability predominate over any individual questions.

21. A class action in this case is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). First, Class members have an interest in a unitary adjudication in this action and

many have an insufficient amount of pay to justify pursuing an individual action. Second, no other litigation concerning this controversy is pending. Third, this is an appropriate forum. Finally, there are no manageability concerns for a settlement class. Amchem Prods. v. Windsor, 521 U.S. 591, 620 (1997).

**Preliminary Approval of the Settlement**

22. Preliminary approval is the first step in the class settlement process. Davis, 2025 WL 3142143, at *7. The Rule 23(e)(2) factors complement and overlap those in Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).

23. Rule 23(e)(2)(A) is satisfied because there is no conflict among the class members, the Class Representatives are aware of their responsibilities and represented the Classes' best interests, Plaintiffs' Counsel have extensive experience litigating USERRA class actions including under USERRA § 4316(b) and obtained the necessary documents and data to evaluate a settlement and their experience litigating similar USERRA claims allowed them to evaluate a settlement.

24. Rule 23(e)(2)(B) is satisfied when "was agreed upon through arm's length negotiations between experienced attorneys who are informed of and familiar with the legal and factual issues." Davis v. United Bank Corp. Ret.

Plan Comm., No. 5:24-CV-328, 2025 WL 3142143, at *7 (M.D. Ga. Nov. 7, 2025). The Settlement Agreement is the result of serious, informed and non-collusive negotiations by Plaintiffs' counsel who have significant USERRA class action experience, were familiar with the legal issues, requested and obtained the relevant documents and data necessary to evaluate the claims and negotiate the terms of a settlement.

25. Rule 23(e)(2)(B) requirement of adequate relief is satisfied by a Settlement that provides for payment of $900,000.00 and requires FedEx to provide paid short-term military leave for 5 years. The monetary payment represents between 46–90% of what the Pay Class could receive (or 62% after deduction of fees) and the injunctive relief is likely the full amount of the Injunctive Relief.

26. The specific factors identified in Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv) also support the fairness and reasonableness of the settlement.

a. *Costs, Risks & Delay of Trial and Appeal*. Here, there were risks that the Classes might not have been certified or might not have prevailed on their claim, and any trial would have involved a battle of the experts and would have been costly.

b. *Effectiveness of Distributing Relief to the Class*. When a settlement ensures that all class members will benefit, the method of distributing

relief is effective. Here, the Settlement does not require class members to submit any claim form to receive payment or benefits.

c. *Attorneys' Fees*. As the Eleventh Circuit awards attorneys from a common fund based upon a reasonable percentage of the fund, where the requested fees will not exceed one-third, that satisfies the standards on preliminary approval and defer a decision about the appropriate amount of fees until final approval. Davis, 2025 WL 3142143, at *7. As the Settlement Agreement leaves the amount of attorneys' fees amount up to the Court, the attorney's fees provision satisfies preliminary approval.

d. *Separate Agreements*. The Parties have identified a Supplemental Agreement that sets forth the provision that allows Defendants to terminate the Settlement only if the Court certifies the class under Rule 23(b)(3) and if enough class members opt out. Such agreements are common and appropriate. Davis, 2025 WL 3142143, at *8.

***Treatment of All Class Members Equitably***

27. Rule 23(e)(2)(D) requires that all Class Members are treated equitably, but this "requires equity, not equality, and treating class members equitably does not necessarily mean treating them all equally." In re Blue Cross Blue Shield Antitrust Litig., 85 F.4th at 1093. Class Members are treated

equitably here because the only difference is based on their status as employees. For the Injunctive Relief Class, the only difference as to the amount of paid leave is whether the employee is a full-time or part-time employee. For the Pay Class, the Settlement Agreement itself merely provides that the Net Settlement Fund will be allocated and distributed to Class Members pursuant to the Court-approved Plan of Allocation.

28. In sum, there are no grounds to doubt the fairness of the Settlement Agreement and the proposed Settlement Agreement is preliminarily approved.

**Plan of Allocation**

29. The same standard of fair, adequate and reasonable applies to a plan of allocation. In re Chicken Antitrust Litig. Am. Poultry, 669 F.2d 228, 238 (5th Cir. 1982). A plan of allocation that allocates the Net Settlement Fund among all eligible Class Members based on their losses is fair, reasonable and adequate. Davis, 2025 WL 3142143, at *8. As the Plan of Allocation proposes to divide the settlement among the Pay Class based on the amount of military leave taken within the Class period, this is a fair method of distribution. Thus, this Plan of Allocation is preliminarily approved as fair, adequate and reasonable.

**Class Notice**

30. The Court approves the Proposed Notice of Class Action Settlement ("Class Notice") and directs its distribution to the Class. The content of the Class Notice fully complies with due process and Federal Rule of Civil Procedure 23. Notice provided by first class mail is sufficient when the names and addresses of the Class Members are known. Pettway v. R. L. Zigler Co., No. 7:23-CV-00047, 2024 WL 3656750, at *10 (N.D. Ala. Aug. 2, 2024). FedEx has also agreed to post the Class Notice on its own internal website and is directed to do so.

31. Defendant shall produce to Class Counsel the Class Data required by the Settlement Agreement, to the extent not already produced, by no later than July 24, 2026.

32. The Court appoints Analytics Consulting LLC as the Settlement Administrator for providing Class Notice and otherwise assisting in administration of the Settlement. The Settlement Administrator shall provide notice to the Class no later than the deadline provided in the scheduling table below. The Settlement Administrator will file a declaration with the Court confirming that the Class Notice was sent in accordance with this Order by no later than the deadline provided in the scheduling table below.

**Class Action Settlement Procedures**

33. Any Class Member who wishes to challenge the data with respect to his or her contributions or establish that he or she is a Class Member must submit such a challenge to the Settlement Administrator that has a postmark of no later than the deadline provided in the scheduling table below. The Challenge must set forth at least the following: (a) the full name, address and contact information for the persons submitting the Challenge; (b) a written statement explaining why the data is incorrect; (c) sufficient supporting documentation; and (d) the signature of the person submitting the challenge.

34. Any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than the deadline provided in the scheduling table below. The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and any supporting papers and arguments; and (c) the signature of the Objector (or his attorney).

35. Any Class Member or other person who fails to make his, her or its

Objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

**Settlement Fund**

36. The Settlement Fund meets the requirements of a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1. The Settlement Fund will be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

**Schedule and Deadlines**

37. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Date |
|---|---|
| Defendants to provide additional Class Data for Notice | 10 days after this Order |
| Settlement Administrator to provide notice to the Class | 30 days after deadline for Defendants to provide Class Data for Notice |
| Settlement Administrator to file Declaration re Class Notice | 30 days after date on which Notice is required to be distributed |
| Class Members to file any objections to the Settlement or challenge Class Account Data | 60 Days after Class Notice is sent |
| Class Counsel's Motion for Award of Attorneys' Fees, Expenses and Costs from the Settlement Fund | 14 Days before the Objection Deadline |
| Class Counsel to file Motion for Final Approval | 14 Days before the Final Approval Hearing |
| Final Approval Hearing | No less than 150 Days after Preliminary Approval |

38. The Court will hold a Final Approval Hearing on January 12, 2027 at 10:00 a.m., at the United States District Court for the Northern District of Georgia, in Courtroom 1908, 75 Ted Turner Driver SW Atlanta, Georgia 30303-3309. The Court may continue the date of the final approval hearing if necessary, without further notice to the Class, but any such continuance will be publicized on the settlement website.

**SO ORDERED** this 20th day of August, 2026.

J. P. BOULEE
United States District Judge